UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:13-cr-103 |
| v. ) | |
| ) | Judge Mattice/Steger |
| MICHAEL HICKS ) | |

## MEMORANDUM AND ORDER

     MICHAEL HICKS ("Defendant") came before the Court for an initial appearance on August 12, 2016, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition").

     After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

     The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Bryan Hoss to represent Defendant.

     Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. Although Defendant indicated to the Court that he is unable to read, the Court confirmed that Defendant's counsel, Bryan Hoss, read and explained the contents of the Petition to him. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

     The Government moved Defendant be detained pending a hearing before Judge Mattice to determine whether his term of supervised release should be revoked. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After Defendant conferred with his counsel, he requested that a preliminary hearing and a detention hearing be conducted. The Court accommodated his request for a preliminary hearing and a detention hearing.

     At the preliminary hearing and detention hearing, the Government offered the testimony of Probation Officer Reshard Montgomery ("PO Montgomery"). PO Montgomery testified to facts supporting the allegations in the Petition that Defendant: (1) illegally possessed controlled substances; (2) failed to report to the probation officer in a manner and frequency directed by the probation officer; (3) failed to answer truthfully all inquiries of the probation officer and failed to follow his instructions; (4) failed to refrain from use of controlled substances except as

1

prescribed by a physician; (5) frequented places where controlled substances are illegally sold, used, distributed or administered; (6) failed to participate in a program of testing and treatment for drug abuse as directed by the probation officer; and failed to participate in a program of mental health treatment until such time as he is released from such program by the probation officer. Attorney Hoss was afforded an opportunity to cross-examine PO Montgomery.

The Court finds that Defendant has committed multiple violations of his conditions of supervised release and there is probable cause to support the alleged offenses in the Petition. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court GRANTED the Government's oral motion to detain Defendant pending his revocation hearing.

It is, therefore, ORDERED that:

1. Defendant shall appear in a revocation hearing before U.S. District Judge Mattice on **August 25, 2016, at 10:00 a.m.**

2. The government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Mattice is **GRANTED**.

3. The U.S. Marshal shall transport Defendant to the revocation hearing before Judge Mattice at the aforementioned date and time.

SO ORDERED.

ENTER.

          s/*Christopher H. Steger*
          UNITED STATES MAGISTRATE JUDGE